SCOTT E. BRADFORD, OSB# 062824
United States Attorney
District of Oregon
**ADAM J. NATE, OSB# 257083**
Assistant United States Attorney
Adam.Nate@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: 541-465-6356
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**CARLOS JOHNSON,**

**Defendant.**

**6:22-cr-411-MTK**

**UNITED STATES' SENTENCING MEMORANDUM**

On April 7, 2021, the above-named Defendant, Mr. Carlos Johnson ("Mr. Johnson") completed his 31-month prison sentence in the State of Oregon Department of Corrections and began a 36-month period of Post-Prison Supervision. Presentence Report ("PSR") ¶ 80. Mr. Johnson had been convicted and sentenced to prison for delivering heroin on or about February 19 – 20, 2019, when he was still serving a term of Post-Prison Supervision related to 2016 criminal convictions for robbery, coercion, and assault – offenses he also committed while still serving a period of Post-Prison Supervision related to 2009 criminal convictions for delivering methamphetamine and assault. PSR ¶¶ 78 – 80. While Mr. Johnson had a fresh start on a new term of Post-Prison Supervision in April 2021, he would again engage in criminal activity and this time violate federal law.

On July 3, 2022, while he was serving a 36-month period of Post-Prison Supervision, Eugene Police Department officers discovered two loaded firearms inside a vehicle Mr. Johnson

was driving and solely occupying. PSR ¶¶ 37 and 82. Both firearms had rounds inside the chamber. *Id*. at ¶ 37. Officers also seized a digital scale with white residue and approximately 70 grams of methamphetamine from inside the vehicle, and approximately 9 grams in Mr. Johnson's actual possession. *Id*. Law enforcement officers did not take Mr. Johnson into custody, and he remained in the community and still serving a 36-month term of Post-Prison Supervision.

Two months and twenty-five days later on September 27, 2022, Eugene Police Department officers observed what they believed were unlawful narcotics transactions involving Mr. Johnson, and later conducted a traffic stop. PSR ¶¶ 40 – 41. Mr. Johnson was driving and solely occupying the automobile on a suspended license, and he denied there were any firearms in the vehicle. *Id*. at ¶ 41. In addition to Mr. Johnson possessing fentanyl, heroin, and/or methamphetamine on his person or inside the vehicle, law enforcement officers also discovered a loaded firearm (round chambered) inside the trunk of the automobile. PSR ¶¶ 42 – 46.

On November 17, 2022, a federal grand jury in the Eugene Division of the District of Oregon returned an Indictment charging Mr. Johnson with two-counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) based on the July 3, 2022, and September 28, 2022, incidents described above. ECF No. 1. Mr. Johnson entered federal custody related to the Indictment on December 5, 2022, and was released on pretrial supervision the next day. He would plead guilty to Count 2 of the Indictment over two and a half years later, and his conduct while on pretrial release can be reasonably described as dismal, as Mr. Johnson "struggled with all requirements of supervision for most of his supervision and attempted treatment on multiple occasions." PSR ¶ 1, 11 – 35.

It is clear that Mr. Johnson struggles with dependance on addictive narcotics, which he has also sold and delivered to other people who struggle with similar addictions. PSR ¶¶ 68, 74, 75, 77, 78, and 80. Many of his pretrial release violations reflect his addictions, such as the straightforward use of methamphetamine, fentanyl, and marijuana in violation of his conditions of release. PSR ¶¶ 13, 14, 16 – 18, 20, 24, and 29. More troubling is his aggressive conduct and direct defiance of court-ordered conditions and modifications that put the public in fear and potentially in danger. For example, Mr. Johnson not only used substances that altered his state of consciousness and his behavior, he also sold those substances to others, as noted above and in the PSR. He drove vehicles when doing so and possessed loaded firearms. On pretrial release, Mr. Johnson made "threatening comments" to medical staff trying to help him. PSR ¶ 22. He failed to report for drug testing, failed to report to his pretrial officers, and missed drug treatment sessions. PSR ¶¶ 16, 17, 21 – 24, 28, 29, and 33. When the Court ordered him placed on GPS location monitoring, home detention, and/or a curfew, Mr. Johnson violated conditions related to those orders. PSR ¶¶ 30 and 34.

Regarding the appropriate sentence in Mr. Johnson's case, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and "make an individualized determination based on the facts." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012). 18 U.S.C. § 3553(a) requires the Court to consider: (1) "the nature and circumstances of the offense"; (2) the "history and characteristics of the defendant"; (3) the need for the sentence in light of the seriousness of the offense, promoting respect for the law, and providing for just punishment; (4) the need for the sentence to afford adequate deterrence; (5) the need for the sentence to protect the public; (6) the need to avoid unwarranted sentencing disparities; and (7) the prospect for rehabilitation. *See United States v.*

*Autery*, 555 F.3d 864, 873 – 878 (9th Cir. 2009). A sentence is substantively reasonable if it "is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *Ressam*, 679 F.3d at 1089. "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in" 18 U.S.C. § 3553(a). *Id*.

As stated, in fashioning an appropriate sentence the Court must consider the need for adequate deterrence and the need to protect the public from Mr. Johnson's future crimes. 18 U.S.C. § 3553(a)(2)(B & C). The former relates to general deterrence in the population, and the latter relates to specifically deterring Mr. Johnson. *United States v. Edwards*, 595 F.3d 1004, 1021 (9th Cir. 2010) (Bea, J., concurring in part). As to the latter, Mr. Johnson's criminal history, which includes assaults and robberies, and his consistent criminal conduct and/or violations of conditions while on various forms of supervision, make public safety a primary concern. PSR ¶¶ 11 – 35, 70, 71, 73, 76, and 79. 18 U.S.C. § 3553(a)(2)(C) is clear that Mr. Johnson's sentence must "protect the public from further crimes of the defendant" – the public Mr. Johnson sells narcotics, the public Mr. Johnson drives among when using and selling drugs and possessing loaded firearms, the public Mr. Johnson threatens, and the public as represented by this Court and Pretrial Services who Mr. Johnson disobeys and defies. The public must be protected from Mr. Johnson and the risk his consistent conduct poses to their safety, their bodies, and their lives.

While Mr. Johnson did experience a "tumultuous childhood," such a negative experience cannot continue to put the public at risk given Mr. Johnson's demonstrated incorrigibility over multiple decades. The current criminal conviction and the sentence he faces are not his first misdemeanor in 1996 or his first felony the same year. Nearly thirty years and multiple jail and prison periods later, Mr. Johnson continues to sell and use narcotics, illegally possess loaded

firearms, and defy Court orders. There is no reasonable confidence that he can be specifically deterred from future criminal conduct that will injure the public short of incarceration.

Therefore, the government recommends the following United States Sentencing Guidelines ("USSG") calculations, which are consistent with those set forth in the PSR:

| **GUIDELINES** | **AMOUNT** |
|---|---|
| Base Offense Level<br>USSG §2K2.1 | 20 |
| Number of Firearms<br>USSG §2K2.1(b)(1)(A) | +2 |
| Connection to Another Felony<br>USSG §2K2.1(b)(6)(B) | +4 |
| Acceptance of Responsibility<br>USSG 3E1.1 | -3 |
| **Total Offense Level** | **23** |

PSR ¶¶ 52 – 62. Based on the Total Offense Level and a criminal history category of VI, the USSG advisory imprisonment range is 92 – 115 months. PSR ¶¶ 81 – 83, 166. The United States respectfully requests the Court sentence Mr. Johnson to 92 months in prison, followed by a 3-year term of supervised release.

Dated: August 12, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

***/s/ Adam J. Nate***
ADAM J. NATE
Assistant United States Attorney